## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ROMELL KIDD,                      :
                                   :
        Plaintiff,             :
                                   :
        vs.                     :  No. 10 CV 00157
                                   :
ABBOTT LABORATORIES and    :  Judge Frost
DANIEL GILMORE,           :  Magistrate Judge King
                                   :
        Defendant.         :

## DEFENDANT ABBOTT LABORATORIES' ANSWER TO PLAINTIFF
## ROMELL KIDD'S SECOND AMENDED COMPLAINT

NOW COMES, Defendant Abbott Laboratories, ("Defendant" or "Abbott"), by and through its counsel, for its answer and affirmative defenses to Plaintiff Romell Kidd's Second Amended Complaint ("Plaintiff" or "Kidd") and states as follows:

### NATURE OF CLAIMS

1.    This action is brought because of the unlawful and discriminatory conduct and employment practices of Defendant Abbott Laboratories (hereinafter "Abbott"). The action arises out of the illegal and discriminatory wrongful termination of Plaintiff Kidd based on his race and age.

**ANSWER:**    Abbott admits that Plaintiff has alleged illegal and discriminatory wrongful termination of Plaintiff based on his race and age; Abbott denies that Plaintiff's allegations have any merit.

2.    Plaintiff Kidd, a professional pharmaceutical salesperson, alleges, inter alia, that he was the only African-American in his sales district under Daniel Gilmore and is one of the most experienced salespersons in his sales district, who consistently achieved sales goals during his employment at Abbott. Despite outstanding job performance, Plaintiff Kidd was targeted for an unfair job evaluation and terminated because of his race and age.

**ANSWER:**     Abbott admits that Plaintiff was a sales representative and that he was the only African-American reporting to Daniel Gilmore.    Abbott denies the remaining allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3.     This action is instituted and authorized by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-et seq., §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Ohio Revised Code § 4112.14 (Age), § 4112.02 and § 4112.99 (Race).

**ANSWER:**     Paragraph 3 states a legal conclusion to which no response is required.  To the extent that a response is required, Abbott admits the allegations contained in Paragraph 3.

4.     Plaintiff filed timely administrative complaints with the EEOC and Plaintiff received the Right to Sue letters from the EEOC on March 23rd 2009 and on August 19, 2009.

**ANSWER:**     Abbott denies that Plaintiff filed timely administrative complaints with the EEOC.  Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 4, and therefore denies the same.

5.     Jurisdiction of this Court to hear and determine the claims is based on 28 U.S.C. § 1331 and § 1343.  The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**     Paragraph 5 states a legal conclusion to which no response is required.  To the extent that a response is required, Abbott admits the allegations contained in Paragraph 5.

6.     Venue is proper in this Court as all the acts complained of herein occurred in the State of Ohio, within the jurisdiction of this Court.

**ANSWER:**     Abbott admits the allegations contained in Paragraph 6.

## PARTIES

### Plaintiff

7.      Plaintiff Romell Kidd is a resident of Franklin County, Ohio and is a former Abbott Specialty Pharmaceutical Sales Representative in Abbott's Cincinnati-Columbus Rheumatology sales district ("CCR sales district") with over 13 years of professional experience.

**ANSWER:**      Abbott admits that "Plaintiff Romell Kidd is a resident of Franklin County, Ohio and is a former Abbott Specialty Pharmaceutical Sales Representative in Abbott's Cincinnati-Columbus Rheumatology sales district ("CCR sales district")."  Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 7, and therefore denies the same.

8.      Plaintiff Kidd is an African-American and over 40 years of age.  Accordingly, Plaintiff Kidd is deemed a member of the protected class under federal and state anti-discrimination laws.

**ANSWER:**      Abbott admits that Plaintiff is an African-American and over 40 years of age. The remainder of the allegations contained in Paragraph 8 constitute a legal conclusion to which no response is required.  To the extent that a response is required, Abbott admits the remaining allegations contained in Paragraph 8.

9.      Defendant Daniel Gilmore is a former manager of Plaintiff and an employee of Abbott and is only being sued as to the civil conspiracy claim.

**ANSWER:**      Abbott admits that Daniel Gilmore is a former manager of Plaintiff and an employee of Abbott.  Abbott denies the remaining allegations contained in Paragraph 9.

### Defendant

10.      At all times material herein, Defendant Abbott is a Fortune 500 pharmaceutical sales company that does business in Franklin County, Ohio and has gross sales of

$25.9 Billion.

**ANSWER:**     Abbott admits that it "is a Fortune 500 pharmaceutical sales company that does business in Franklin County, Ohio."  Abbott denies the remaining allegations contained in Paragraph 10.

> 11.     At all times material herein, Defendant Abbott was and is an employer under Federal and State Discrimination laws.

**ANSWER:**     Paragraph 11 constitutes a legal conclusion to which no response is required. To the extent that a response is required, Abbott admits the allegations contained in Paragraph 11.

## FACTS

> 12.     Plaintiff Kidd, an African-American and over 40 years of age, was an exemplary Abbott salesperson who consistently achieved and frequently exceeded sales goals.

**ANSWER:**     Abbott admits that Plaintiff is an African-American and over the age of 40. Abbott denies the remaining allegations contained in Paragraph 12.

> 13.     Throughout his employment at Abbott, Plaintiff Kidd has never been placed on PIP and has never been placed on a Performance Improvement Plan ("PIP") in his long career as a pharmaceutical salesperson.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 13.

> 14.     Defendant Abbott Laboratories intentionally placed Plaintiff Kidd on a Performance Improvement Plan ("PIP") for the purpose of disgorging Plaintiff Kidd of his earned bonus and profit sharing monies.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 14.

> 15.     Defendant Abbott Laboratories knew that placing Plaintiff on a PIP would result in his termination and ineligibility under Abbott policies to obtain his bonuses

and profit sharing monies.

**ANSWER:**   Abbott denies the allegations contained in Paragraph 15.

16.   Despite his exceptional performance, Plaintiff Kidd was terminated on October 28, 2008 after being placed on the PIP on September 3, 2008.

**ANSWER:**   Abbott admits that Plaintiff was terminated on October 28, 2008 and placed on a PIP on or about September 3, 2008.  Abbott denies the remaining allegations contained in Paragraph 16.

17.   Plaintiff Kidd was placed on a PIP by his supervisor Daniel Gilmore, a Caucasian, who was his supervisor and sales manager of Abbott CCR sales district.  Mr. Gilmore, an Abbott employee, was acting in the scope of his employment at all relevant times material herein.

**ANSWER:**   Abbott admits the allegations contained in Paragraph 17.

18.   Plaintiff Kidd was the only African-American sales person in the Abbott CCR sales district, which was supervised by Mr. Gilmore, the CCR sales district manager.

**ANSWER:**   Abbott admits the allegations contained in Paragraph 18.

19.   Plaintiff Kidd was purportedly placed on the PIP due to job performance issues.  Defendant Abbot knew that the job performance issues were minor and did not justify placement on a PIP.  No similarly situated Caucasian employees in the sales district were placed in the PIP during the relevant time period, or if placed on a PIP, the areas of performance improvement were significant and not minor, as in the case of Plaintiff Kidd.

**ANSWER:**   Abbott admits that Plaintiff was "placed on the PIP due to job performance issues."  Abbott denies the remaining allegations contained in Paragraph 19.

20.   On or about the time Plaintiff Kidd was placed on the PIP, he was meeting his sales goals for the sale of an Abbott product called Humira, a rheumatoid arthritis medicine.

**ANSWER:**      Abbott denies the allegations contained in Paragraph 20.

      21.    The PIP identified several areas that Plaintiff Kidd needed to improve within 60 days, yet Plaintiff Kidd was not given 60 days to make the alleged performance improvements and Abbott failed to await sales data reported in December 2008 to determine whether Plaintiff Kidd's performance had improved.

**ANSWER:**      Abbott admits that the PIP identified several areas that Plaintiff needed to improve.  Abbott denies the remaining allegations contained in Paragraph 21.

      22.    Despite indentifying alleged areas in the PIP, Mr. Gilmore failed to provide ample training and guidance to Plaintiff Kidd.  Plaintiff Kidd received no training and guidance during the PIP time period because his placement on the PIP was a pretext for unlawful discrimination.

**ANSWER:**      Abbott denies the allegations contained in Paragraph 22.

      23.    Plaintiff Kidd, despite 6 years of successful sales performance at Abbott, was summarily terminated on October 28, 2008, just 5 days before the completion of the PIP.

**ANSWER:**      Abbott admits that Plaintiff was terminated on October 28, 2008.  Abbott denies the remaining allegations contained in Paragraph 23.

      24.    Despite his years of meritorious service to Abbott, Mr. Gilmore ordered Plaintiff Kidd to meet him at an Abbott office located in Westerville, Ohio and demanded the surrender of Plaintiff Kidd's company vehicle.

**ANSWER:**      Abbott admits that Mr. Gilmore and Plaintiff met at the Abbott office located in Westerville, Ohio, at which time Plaintiff provided Gilmore with the keys of Plaintiff's company vehicle.  Abbott denies the remaining allegations contained in Paragraph 24.

      25.    Unaware that he was to be terminated; Plaintiff Kidd was not prepared to surrender his vehicle.

**ANSWER:**      Abbott lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in Paragraph 25, and therefore denies the same.

26. After his termination, Plaintiff Kidd requested his Trimester 2, 2008 earned bonus, profit sharing compensation, and severance pay.

**ANSWER:**    Abbott lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in Paragraph 26, and therefore denies the same.

27. Abbott's human resources department informed Plaintiff Kidd that he would receive the earned bonus in November 2008. Plaintiff Kidd has not received the earned bonus, nor has he received profit sharing compensation.

**ANSWER:**    Abbott admits that Plaintiff has not received profit sharing compensation for

2008. Abbott denies the remaining allegations contained in Paragraph 27.

28. Plaintiff Kidd's earned bonus is based on his sales performance up to the time of his termination and is part of his compensation.

**ANSWER:**    Abbott denies the allegations contained in Paragraph 28.

29. Plaintiff Kidd's profit sharing compensation is based on his contribution to Abbott's pharmaceutical sales profits and is paid to Abbott employees and would have been received by him but for Defendant's unlawfully discriminating motive to deprive him of bonus and profit sharing monies.

**ANSWER:**    Abbott denies the allegations contained in Paragraph 29.

30. Despite having earned the bonus and being eligible for profit sharing compensation, Abbott has refused to pay compensation and profit sharing compensation earned prior to his termination.  Abbott has also refused to reimburse Plaintiff Kidd for pre-termination expenses incurred by him in the course of his employment.

**ANSWER:**    Abbott denies the allegations contained in Paragraph 30.

31. Defendant Abbott has engaged in pre-textual conduct by, among other things, terminating Plaintiff Kidd for job

performance issues when the real reason was his race and age.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 31.

32.     As a result of Defendant Abbott's conduct and actions, Plaintiff Kidd has been subjected to unlawful discrimination the full extent of which will become known throughout the course of discovery, and Plaintiff Kidd herby reserves the right to pursue such claims and facts giving rise to such termination as they become known.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 32.

33.     Plaintiff Kidd has suffered emotional distress, humiliation, embarrassment, loss of respect, and damage to his professional career and reputation.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 33.

**First Claim for Relief**
**Race and Age Discrimination in Violation of Ohio Revised Code**
**§ 4112.02, 4112.99, AND 4112.14**

34.     Plaintiff Kidd hereby realleges and incorporates by references as if fully set forth herein, the allegations of paragraphs 1 through 33 above.

**ANSWER:**     For its answer to Paragraph 34, Abbott incorporates by reference its answers

to Paragraphs 1 through 33 above as though each were separately set forth in full herein.

35.     Defendant Abbott discriminated against Plaintiff on the basis of his race and age by placing him on a PIP and terminating him.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 35.

36.     As a direct and proximate result of Defendant Abbott's discriminatory conduct, as described herein, Plaintiff Kidd has suffered loss of income and benefits and impairment of earning capacity, emotional distress, anxiety, anguish, humiliation, and other incidental and consequential damages and expenses, all to Plaintiff's damages in an amount according proof.

**ANSWER:**      Abbott denies the allegations contained in Paragraph 36.

**Second Claim for Relief**
**Race Discrimination in Violation of 42 U.S.C. § 2000e-et Seq., §102 of the**
**Civil Rights Act of 1991 and 42 U.S.C §1981**

37.      Plaintiff hereby re-alleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 36 above.

**ANSWER:**      For its answer to Paragraph 37, Abbott incorporates by reference its answers

to Paragraphs 1 through 36 above as though each were separately set forth in full herein.

38.      Defendants discriminated against Plaintiff on the basis of his race, by targeting and unfairly placing on PIP, terminating, and disgorging him of his bonus and profit sharing income.

**ANSWER:**      Abbott denies the allegations contained in Paragraph 38.

39.      Similarly situated non-minorities were not placed on a PIP and terminated in his sales district.

**ANSWER:**      Abbott denies the allegations contained in Paragraph 39.

40.      Defendant Abbott has engaged in a pattern and practice of discrimination company-wide by disproportionally placing African-American's on PIPs.

**ANSWER:**      Abbott denies the allegations contained in Paragraph 40.

41.      The performance issues identified by Abbott were a pretext for unlawful discrimination.

**ANSWER:**      Abbott denies the allegations contained in Paragraph 41.

42.      Defendant Abbott entered into a contract with Plaintiff and breached it by engaging in unlawful discrimination based on his race.

**ANSWER:**      Abbott denies the allegations contained in Paragraph 42.

43.      As a direct and proximate result of Defendant's conduct Plaintiff has suffered damages.

**ANSWER:**      Abbott denies the allegations contained in Paragraph 43.

## Third Claim for Relief
### Breach of Contract

    44.    Plaintiff Kidd hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 43 above.

**ANSWER:**    Abbott has filed a Motion to Dismiss Plaintiff's Third Claim for Relief.  To the extent that the Court requires an answer to Paragraph 44, Abbott incorporates by reference its answers to Paragraphs 1 through 33 above as though each were separately set forth in full herein.

    45.    Plaintiff Kidd's position was held under both express and implied promises of job security and in accordance with Defendant Abbott's policies, employee manual, and communications from Defendant Abbott's employees, managers, staff, and agents that Plaintiff would not be placed on a PIP and terminated in violation of Ohio Public Policy.

**ANSWER:**    Abbott has filed a Motion to Dismiss Plaintiff's Third Claim for Relief.  To the extent that the Court requires an answer to Paragraph 45, Abbott denies the allegations contained in Paragraph 45.

    46.    In particular, Defendant Abbott represented that the PIP would be used as a performance improvement tool.

**ANSWER:**    Abbott has filed a Motion to Dismiss Plaintiff's Third Claim for Relief.  To the extent that the Court requires an answer to Paragraph 46, Abbott admits that the PIP is a performance management tool.  Abbott denies the remaining allegations contained in Paragraph 46.

    47.    Defendant Abbott promised that bonuses and profit sharing income would not be disgorged by misuse and abuse of PIP and unlawful termination.

**ANSWER:**    Abbott has filed a Motion to Dismiss Plaintiff's Third Claim for Relief.  To

the extent that the Court requires an answer to Paragraph 47, Abbott denies the allegations contained in Paragraph 47.

> 48.  Defendant Abbott breached the contract by misuse of the PIP resulting in termination and disgorgement of bonuses and profit sharing.

**ANSWER:**   Abbott has filed a Motion to Dismiss Plaintiff's Third Claim for Relief.  To the extent that the Court requires an answer to Paragraph 48, Abbott denies the allegations contained in Paragraph 48.

> 49.  Plaintiff Kidd, therefore, earned compensation in the form of bonus and profit sharing compensation and has not been paid for his services and work.

**ANSWER:**   Abbott has filed a Motion to Dismiss Plaintiff's Third Claim for Relief.  To the extent that the Court requires an answer to Paragraph 49, Abbott denies the allegations contained in Paragraph 49.

> 50.  Defendant Abbott's employment practices constitute a willful breach of contract inasmuch as Plaintiff Kidd should not have been terminated and denied earned compensation.

**ANSWER:**   Abbott has filed a Motion to Dismiss Plaintiff's Third Claim for Relief.  To the extent that the Court requires an answer to Paragraph 50, Abbott denies the allegations contained in Paragraph 50.

> 51.  Defendant Abbott's actions in removing Plaintiff Kidd from his position, its failure to reinstate him, and failure to pay earned compensation constitutes a willful breach of his contract (express and/or implied).

**ANSWER:**   Abbott has filed a Motion to Dismiss Plaintiff's Third Claim for Relief.  To the extent that the Court requires an answer to Paragraph 51, Abbott denies the allegations contained in Paragraph 51.

52.     As a result of Defendant Abbott's actions, Plaintiff Kidd has suffered irreparable injuries, including but not limited to, loss of pay, loss of benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries, all for which he should be compensated.

**ANSWER:**     Abbott has filed a Motion to Dismiss Plaintiff's Third Claim for Relief.  To the extent that the Court requires an answer to Paragraph 52, Abbott denies the allegations contained in Paragraph 52.

### Fourth Claim for Relief
### <u>Promissory Estoppel</u>

53.     Plaintiff Kidd hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 52 above.

**ANSWER:**     Abbott incorporates by reference its answers to Paragraphs 1 through 52 above as though each were separately set forth in full herein.

54.     Defendant Abbott's policies and practices, represented to Plaintiff Kidd, caused Plaintiff Kidd to conclude, on a good faith basis, that satisfactory sales performance and continued improvement would permit him to continue his employment at Abbott.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 54.

55.     Defendant Abbott represented through its human resource department and public and employee based communications that the PIP is a performance improvement tool, that is utilized to address performance issues, and that employees will be given an opportunity to correct or improve sales performance.

**ANSWER:**     Abbott admits that the PIP is a performance management tool that is utilized to address performance issues.  Abbott denies the remaining allegations contained in Paragraph 55.

56.     Defendant Abbott caused Plaintiff to rely on these representations.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 56.

57.     Defendant Abbott misused the PIP to the detriment of Plaintiff.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 57.

58.     Defendant Abbott did not use the PIP as a performance tool, and did not intend to provide Plaintiff with an opportunity to improve, but used it to terminated Plaintiff Kidd and disgorge his bonuses and profit-sharing income.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 58.

59.     Plaintiff Kidd did, in fact, improve his sales performance.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 59.

60.     Plaintiff Kidd relied on Defendant Abbott's policies and practices, as communicated and demonstrated to Abbott employees.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 60.

61.     Furthermore, in reliance upon the representations by Defendant Abbott's reassurance that Plaintiff Kidd would receive his bonus _immediately after_ his termination, Plaintiff Kidd withdrew significant funds from his 401K.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 61.

62.     Abbot, however, never paid earned bonus and as a consequence, Plaintiff Kidd incurred:  1) tax penalties and fines because he was not able to pay the 401K loan within 90 days; and 2) interest payments on the 401K loan.  In addition, he has suffered the loss of investment appreciation in the value that he would have received on the funds if they had not been withdrawn.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 62.

63.     By the aforementioned acts and/or omissions, policies

and practices, Plaintiff Kidd has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings, reliance damages, costs of suit, and other pecuniary losses in an amount not presently ascertained, but to be proven at trial.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 63.

64.    As a further direct and legal result of the acts and conduct of Defendant Abbott, as aforesaid, Plaintiff Kidd has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, and anxiety.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 64.

## AFFIRMATIVE DEFENSES

AFFIRMATIVE DEFENSE I:  Plaintiff's claim for damages is barred to the extent he has failed to mitigate his damages.

AFFIRMATIVE DEFENSE II:  Abbott undertook good faith efforts to comply with anti-discrimination laws by, among other things, making good faith efforts to enforce an anti-discrimination policy, thus barring any claim for punitive damages.

AFFIRMATIVE DEFENSE III:  Even if it were determined that Abbott impermissibly considered Plaintiff's membership in a protected class or any other unlawful factor in its decision to an employment action with respect to Plaintiff (which Abbott denies), Abbott nevertheless would have taken the same action in the absence of the impermissible motive(s), thus barring Plaintiff's claim for damages.

AFFIRMATIVE DEFENSE IV:  To the extent Plaintiff suffered any damages as alleged, such damages were caused or contributed to by Plaintiff's own actions or the actions of others over whom Abbott exercised no control.

AFFIRMATIVE DEFENSE V:  Some or all of the claims asserted or the relief

sought in the Complaint are barred by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

AFFIRMATIVE DEFENSE VI: The damages claimed by Plaintiff are barred to the extent they are speculative in nature.

AFFIRMATIVE DEFENSE VII: Plaintiff's claims are barred to the extent that they were asserted after the expiration of the applicable statute of limitation.

AFFIRMATIVE DEFENSE VIII: Plaintiff's claims are barred to the extent that they are beyond the scope of his administrative charge of discrimination.

WHEREFORE, Abbott Laboratories respectfully requests that the Court dismiss each of Plaintiff's claims with prejudice.

Dated: November 15, 2010                    Respectfully submitted,

                                            ABBOTT LABORATORIES


                                            By  /s/ Jon E. Klinghoffer_____
                                                One of Its Attorneys



Jon E. Klinghoffer
Nury R. Agudo
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-4000

## <u>CERTIFICATE OF SERVICE</u>

   The undersigned, an attorney, certifies that on November 15 he caused a copy of **Defendant Abbott Laboratories' Answer to Plaintiff Romell Kidd's Second Amended Complaint** to be served via the Court's CM/ECF electronic mailing system delivery upon the following:

     William W. Patmon, III
     Patmon LLC
     4100 Regent Street, Suite U
     Columbus, OH 43219


      /s/ Jon E. Klinghoffer
      Jon E. Klinghoffer