IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROMELL KIDD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 10 CV 00157 ) |
| ABBOTT LABORATORIES, | ) Judge Frost ) Magistrate Judge King |
| Defendant. | ) ) |

### DEFENDANT ABBOTT LABORATORIES' MOTION FOR SUMMARY JUDGMENT

Defendant Abbott Laboratories. ("Abbott"), by its undersigned counsel, hereby moves this Court, pursuant to Federal Rule of Civil Procedure 56, to enter summary judgment in its favor and against Plaintiff Romell Kidd ("Plaintiff"). In support of this motion, Abbott files concurrently herewith its Memorandum of Law in Support of Its Motion for Summary Judgment and Appendix, and states as follows:

1. On or about November 1, 2010, Plaintiff filed his Second Amended Complaint alleging race and age discrimination under Title VII and Ohio law, breach of contract and promissory estoppel.

2. Abbott moves for summary judgment on each claim contained in Plaintiff's Second Amended Complaint.

3. Abbott is entitled to summary judgment on all discrimination Counts because Plaintiff cannot satisfy his burden to state a *prima facie* case of discrimination.

4. Specifically, Plaintiff cannot show that he was performing his job in a satisfactory manner, replaced by someone outside of his protected class or treated differently than similarly situated individuals outside of his protected class.

5. Abbott is also entitled to summary judgment on all discrimination Counts because even if Plaintiff could state a *prima facie* case, his discrimination claims fail as a matter of law because he cannot show that Abbott's legitimate non-discriminatory reason for his termination was pretext for discrimination.

6. Plaintiff's breach of contract claim fails because Plaintiff cannot present any evidence to show that his employment relationship was anything but "at will."

7. Similarly, Plaintiff's promissory estoppel claim fails because Plaintiff cannot show that he detrimentally relied on any promise made by Abbott.

WHEREFORE: for all of the reasons set forth herein, and for the reasons set forth in Abbott's Memorandum of Law, the Court should grant summary judgment to Abbott and dismiss Plaintiff's Second Amended Complaint with prejudice, and grant any other remedy it deems appropriate.

Respectfully submitted,

/s/  Jon E. Klinghoffer
Jon Klinghoffer (Admitted Pro Hac Vice)
GOLDBERG KOHN, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
Telephone:    (312) 201-4000
Facsimile:     (312) 863-7887
E-mail:    Jon.klinghoffer@goldbergkohn.com

Trial Attorney for Defendant
Abbott Laboratories

-3-

OF COUNSEL:

Nury Agudo
GOLDBERG KOHN, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
Telephone:  (312) 201-4000
Facsimile:   (312) 863-7887
E-Mail:  Nury.agudo@goldbergkohn.com


John J. Krimm, Jr.
Amanda L. Wickline
SCHOTTENSTEIN, ZOX & DUNN, CO.
250 West Street
Columbus, Ohio 43215
Telephone:  (614) 462-2700
Facsimile:   (614) 462-5135
E-Mail: jkrimm@szd.com
           awickline@szd.com

**CERTIFICATE OF SERVICE**

I, Jon E. Klinghoffer, hereby certify that on this 22nd day of February, 2011, a true and correct copy of the foregoing document was filed electronically using the Court's ECF/electronic mailing system, which will automatically send e-mail notification of such filing to the following attorney of record:

>**William W Patmon , III**
>Patmon LLC
>4100 Regent Street
>Suite U
>Columbus, OH 43219

/s/  Jon E. Klinghoffer